UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUGGAN O'ROURKE INC., ) <br> *Plaintiff*, ) <br> ) <br> vs. ) <br> ) <br> THE INTELLIGENT OFFICE SYSTEM, LLC, ) <br> *Defendant.* ) <br> ) | 1:12-cv-0550-JMS-DKL |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

On April 26, 2012, Defendant The Intelligent Office System, LLC ("Intelligent Office"), removed this case to federal court. [Dkt. 1.] At issue in Plaintiff Duggan O'Rourke, Inc.'s ("Duggan") underlying state court Complaint is whether Duggan is liable to Intelligent Office under a franchise agreement Intelligent Office had with a non-party (MMA). [Dkt. 1-1.] Duggan seeks a declaration under Indiana Code § 34-14-1-1 that it has no liabilities or obligations under the franchise agreement Intelligent Office had with MMA. [*Id.* at 8.]

After reviewing the removal papers and the underlying state court Complaint, the Court is unsure if it can exercise jurisdiction over this matter. Therefore, the parties are ordered to meet and confer and file a joint jurisdictional statement, or competing statements if they cannot agree, regarding the following issues.

**A. Diversity of Citizenship**

Intelligent Office alleges that Duggan is an Indiana corporation with its principal place of business in Indiana.[1] [Dkt. 1 at 1.] This is sufficient to allege that Duggan is an Indiana citizen. *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has

---

[1] Plaintiff's state court Complaint confirms these allegations. [Dkt. 1-1 at 1.]

two places of citizenship: where it is incorporated and where it has its principal place of business).

Intelligent Office alleges that it is a Colorado limited liability company with its principal place of business in Colorado. [Dkt. 1 at 1.] This is insufficient to establish Intelligent Office's citizenship because the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). And citizenship "must be traced through however many layers of partners or members there may be." *Id.* at 543. It is insufficient to allege that all partners are citizens of "X" state or that no partners are citizens of "X" state. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007).

Because Intelligent Office's removal papers do not sufficiently allege that complete diversity exists between the parties, the parties' joint jurisdictional statement (or competing statements) must include an analysis of the citizenship of Intelligent Office's members and must be traced through however many layers of members there may be.

**B. Amount in Controversy**

Intelligent Office alleges that the amount in controversy satisfies the jurisdictional amount. [Dkt. 1 at 2.] To support its allegation, Intelligent Office analyzes the language of the franchise agreement and concludes that it is possible that the "liabilities and obligations" are "far in excess of $75,000." [*Id.*] Although Duggan's state court complaint does not reference a specific amount at issue because it seeks a declaration that Duggan has no liability, it does reference a demand letter it received from Intelligent Office for $12,142.63. [Dkt. 1-1 at 6.]

The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The proponent of jurisdiction has the burden of showing by a preponderance of

the evidence the facts that suggest the amount in controversy is met, and a defendant's good faith estimate is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola, Co.*, 472 F.3d 506 (7th Cir. 2006). A demand letter can be evidence of the amount in controversy. *See, e.g.*, *Family Express Corp. v. Creative Risk Solutions, Inc.*, 2011 U.S. Dist. LEXIS 65351 (N.D. Ind. 2011); *Norris v. ABF Freight Sys.*, 2003 U.S. Dist. LEXIS 6459 (S.D. Ind. 2003).

Because Intelligent Office's allegation regarding the amount in controversy is well in excess of the amount it demanded from Duggan, the parties' joint jurisdictional statement (or competing statements) must address a good faith estimate for the amount in controversy and include support for the proffered amount.

**C. Possible Federal Question**

At the end of its removal papers, Intelligent Office makes a passing reference to the Lanham Act and asserts that because Duggan seeks a determination of non-liability regarding the franchise agreement and, in certain circumstances, the franchise agreement provides for damages under the Lanham Act, this Court has original jurisdiction regarding Duggan's request for "declaratory relief regarding matters arising under the Lanham Act." [Dkt. 1 at 4.] However, Duggan's Complaint makes no reference to the Lanham Act. [Dkt. 1-1.]

The Lanham Act, also known as the Trademark Act, defines the statutory and common law boundaries to trademarks and service marks. 15 U.S.C. § 1051 *et seq*. The allegations in Intelligent Office's removal papers seem more geared toward a potential Lanham Act counterclaim than they do toward establishing that Duggan asserts a federal claim against Intelligent Office. [*See* dkt. 1 at 3 (using Duggan's allegation that no franchise agreement existed during the

relevant period to assert that "Plaintiff knowingly chose to operate said Franchise and utilize said [federally registered trademarks owned by Intelligent Office]".]

While it remains to be seen whether Intelligent Office will assert a federal claim in response to Duggan's Complaint, the parties should keep in mind that "a case may not be removed to federal court on the basis of a federal defense . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Nor will a counterclaim provide a basis for federal question jurisdiction. *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

In light of the foregoing, the parties' joint jurisdictional statement (or competing statements) must address whether Duggan asserts a federal claim against Intelligent Office that may serve as an independent basis for this Court's jurisdiction.

**D. Conclusion**

Because the Court cannot assure itself that it has jurisdiction over this matter, it **ORDERS** the parties to meet and confer regarding the Court's jurisdiction. The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

The parties are **ORDERED** to conduct limited discovery if necessary and file a joint jurisdictional statement by **May 14, 2012**, or competing jurisdictional statements by that date if they cannot agree. The filing of an adequate jurisdictional statement will relieve Duggan of its

obligation to file a response to Intelligent Office's notice of removal pursuant to Local Rule 81-1.

04/27/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Courtney Lee Campbell
ATTORNEY AT LAW
court@clc-law.com

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com