UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUGGAN O'ROURKE INC., <br> *Plaintiff*, | ) <br> ) <br> ) | |
| vs. | ) <br> ) | 1:12-cv-0550-JMS-DKL |
| THE INTELLIGENT OFFICE SYSTEM, LLC, <br> *Defendant.* | ) <br> ) <br> ) | |

**ORDER GRANTING DEFENDANT'S FINAL MOTION FOR EXTENSION OF TIME**

On April 27, 2012, the Court issued an order for the parties to file a joint jurisdictional statement (or competing statements if they could not agree) by May 14, 2012, addressing possible jurisdictional defects the Court found with Defendant The Intelligent Office System, LLC's ("Intelligent Office") notice of removal. [Dkt. 6.]

Plaintiff Duggan O'Rourke, Inc.'s ("Duggan") filed a detailed statement on May 14, 2012, asking the Court to remand the matter to state court for lack of jurisdiction. [Dkt. 8.]

The same day, Intelligent Office requested a three-day extension to file its statement. [Dkt. 7.] The Court granted that request and ordered Intelligent Office to file its statement by May 17, 2012. [Dkt. 9.]

In a flurry of filings between 11:59 p.m. on May 17, 2012, and 3:01 a.m. on May 18, 2012, Intelligent Office requested various extensions of time, ultimately asking the Court to extend its deadline until May 18, 2012. [Dkts. 10; 11; 12.] Intelligent Office represents that it is out of the country, that it has been challenging to communicate with its counsel, and that determining its layers of ownership (presumably by counsel) has been much more complex than initially understood. [*Id.*]

- 2 -

Because the third motion requesting a one-day extension supersedes the first two motions that requested hourly extensions for which the proposed deadline has already passed, the Court **DENIES** the first two motions for extension of time as moot. [Dkts. 10; 11.]

The Court **GRANTS** Intelligent Office's final motion for extension of time, [dkt. 12], and hereby extends the deadline for it to file a response to the Court's order concerning its jurisdiction over this matter until **May 18, 2012**. This is the **final extension** that the Court will grant Intelligent Office on this issue. As the party seeking removal, Intelligent Offices has the burden to prove that this Court has jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (holding that "any doubt regarding jurisdiction should be resolved in favor of the states" and "the burden of establishing federal jurisdiction falls on the party seeking removal").

If Intelligent Office fails to file a jurisdictional statement by May 18, 2012 that substantially complies with the Court's order or its burden as the removing party to establish that this Court has jurisdiction, the Court will remand this case to state court. Defense counsel is further ordered to explain how he could, consistent with his obligations under Federal Rule of Civil Procedure 11, assert diversity jurisdiction in his notice of removal when he did not have actual knowledge of the citizenship of his client as defined by federal law.

05/18/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Courtney Lee Campbell
ATTORNEY AT LAW
court@clc-law.com

P. Adam Davis
DAVIS & SARBINOFF LLP

- 3 -

adavis@d-slaw.com