UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUGGAN O'ROURKE INC., )<br>    *Plaintiff*, )<br>)<br>    *vs*. )<br>)<br>THE INTELLIGENT OFFICE SYSTEM, LLC, )<br>    *Defendant*. ) | 1:12-cv-550-JMS-DKL |

## ORDER

Presently pending before the Court in this franchise dispute is Defendant The Intelligent Office System, LLC's ("IOS") Motion to Dismiss for Lack of Jurisdiction.  [Dkt. 23.]  Although IOS frames its motion as a request for the Court to dismiss Plaintiff Duggan O'Rourke Inc.'s ("Duggan") Complaint for lack of personal jurisdiction or subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), IOS is really asking the Court to dismiss this matter for what it believes to be improper venue under Rule 12(b)(3).  Specifically, IOS asks the Court to dismiss Duggan's case because a forum-selection clause in the parties' franchise agreement provides that "'if a claim is asserted in any legal proceeding'" involving the parties "'the exclusive venue for disputes between them shall be in the state and federal courts of Colorado.'"  [Dkt. 23 at 2 (quoting dkt. 1-1 at 42 ¶ 22.1).]  The Court will address IOS's motion under Rule 12(b)(3).

### I.
#### BACKGROUND

In October 2000, IOS and Duggan entered into a franchise agreement (the "Franchise Agreement"), with IOS as the franchisor and Duggan as the franchisee.  [Dkt. 1-1 at 3, 15.]  The Franchise Agreement provides for a term of 20 years, "unless sooner terminated as provided herein."  [Dkt. 1-1 at 34 ¶ 17.1.]  Section 16 of the Franchise Agreement is titled "Transfer" and

details the manner in which Duggan can transfer its rights under the Agreement with the written consent of IOS. [*Id.* at 31-34.] Section 18 of the Franchise Agreement is titled "Default and Termination" and details the manner in which the Agreement can be terminated. [*Id.* at 35-39.] Paragraph 22.1 is titled "Governing Law/Consent to Venue and Jurisdiction" and provides, in relevant part, that

> this Agreement shall be interpreted under the laws of the state of Colorado and any dispute between the parties shall be governed by and determined in accordance with the substantive laws of the state of Colorado, which laws shall prevail in the event of any conflict of law. [IOS and Duggan] have negotiated regarding a forum in which to resolve any disputes which may arise between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving [Duggan or its affiliates] and [IOS and its affiliates] both parties agree that the exclusive venue for disputes between them shall be in the state and federal courts of Colorado and each waive any objection either may have to the personal jurisdiction of or venue in the state and federal courts of Colorado. . . .

[Dkt. 1-1 at 42 ¶ 22.1.]

In January 2009, Duggan, IOS, and MMA Business Solutions, Inc. ("MMA") entered into a written contract titled "Agreement and Conditional Consent to Transfer" (the "Transfer Agreement"). [Dkt. 1-1 at 74-76.] Under the Transfer Agreement, Duggan assigned its rights, title, and interest in the Franchise Agreement to MMA. [*Id.* at 74 ¶ C.] The Transfer Agreement provides that "[n]othing herein shall be deemed to release [Duggan] from liability under the Franchise Agreement . . . ." [*Id.* at 75 ¶ 2.] The Transfer Agreement further provides that "[t]his Agreement shall be governed and construed in accordance with the internal laws (and not the law of conflicts) of the state of Colorado[,]" [*id.* at 76 ¶ 10], and that "[n]o amendment of any provision of this Agreement will be valid unless the same shall be in writing and signed by the parties[,]" [*id.* at ¶ 11].

In its Complaint,[1] Duggan alleges that IOS and MMA subsequently entered into a new franchise agreement (the "IOS-MMA Franchise Agreement") to which Duggan was not a party, and that the IOS-MMA Franchise Agreement terminated Duggan's Franchise Agreement with IOS.[2]  [Dkt. 1-1 at 5-6 ¶ 15.]  Duggan contends that MMA defaulted under the IOS-MMA Franchise Agreement and that IOS is seeking payment from Duggan for MMA's default.  [*Id.* at 6 ¶¶ 16-17.]  Duggan seeks a declaratory judgment that its Franchise Agreement with IOS was terminated when Duggan, IOS, and MMA entered into the Transfer Agreement or when IOS entered into the IOS-MMA Franchise Agreement; that it has fully complied with a covenant not to compete contained in its Franchise Agreement with IOS; and that Duggan has no liabilities or obligations under the IOS-MMA Franchise Agreement.  [Dkt. 1-1 at 8.]

## II.
### DISCUSSION

IOS asks the Court to dismiss Duggan's Complaint based on the forum-selection clause in its Franchise Agreement with Duggan.  [Dkt. 23 at 1.]  Duggan argues that the forum-selection clause is invalid because it contends that the IOS-MMA Franchise Agreement terminated Duggan's Franchise Agreement with IOS.  [Dkt. 28 at 4.]

---

[1] Duggan filed its Complaint in state court, and IOS removed it to this Court on the basis of diversity jurisdiction.  [Dkt. 1.]  The Court screened the Complaint to confirm that it had jurisdiction and issued an order for the parties to file a joint jurisdictional statement after determining that its jurisdiction was not certain.  [Dkt. 6.]  The parties filed competing jurisdictional statements, and the Court ultimately accepted IOS's amended statement of jurisdiction as "sufficient for the present purposes to establish subject-matter jurisdiction on the basis of diversity of citizenship."  [Dkt. 20 at 1.]

[2] IOS points to a Colorado forum-selection clause in the IOS-MMA Franchise Agreement as further support for its argument.  [Dkt. 23 at 2 (citing dkt. 22-4 at 38).]  As Duggan points out, however, it was not a party to the IOS-MMA Agreement, [dkt. 28 at 2-4]; therefore, the Court will not analyze the enforceability of that provision.

### A. Applicable Law

Before the Court can evaluate the validity of the forum-selection clause in the Franchise Agreement, it must determine what law to apply. The Franchise Agreement and the Transfer Agreement each contain a Colorado choice-of-law provision. [Dkt. 1-1 at 42 ¶ 22.1 ("[T]his Agreement shall be interpreted under the laws of the state of Colorado and any dispute between the parties shall be governed by and determined in accordance with the substantive laws of the state of Colorado, which laws shall prevail in the event of any conflict of law"); dkt. 1-1 at 76 ¶10 ("This Agreement shall be governed and construed in accordance with the internal laws (and not the law of conflicts) of the state of Colorado.").] Although the parties ignore these provisions and cite Seventh Circuit law in their briefs, the Seventh Circuit Court of Appeals has held that "the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) (citing *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007)). Therefore, the Court must apply Colorado law to determine the validity of the forum-selection clause.[3] *Abbott Labs*, 476 F.3d at 423.

"Under Colorado law, a forum selection clause is enforceable unless the clause is unfair or unreasonable." *QFA Royalties, LLC v. Case*, 2006 U.S. Dist. LEXIS 20936, *5 (D. Colo. 2006). "The burden of establishing that a forum selection clause is unfair or unreasonable is on the party seeking to avoid it." *Id.*

Colorado courts have "frequently classified forum selection clauses as either mandatory or permissive." *Xantrex Tech. Inc. v. Advanced Energy Indus.*, 2008 U.S. Dist. LEXIS 41206,

---

[3] Duggan cites a non-precedential case from a district court in California to support its argument. [Dkt. 28 at 5-6 (citing *Yes To Ltd. v. Hur*, 779 F. Supp. 2d 1054 (N.D. Cal. 2011)).] The Court will not address that case because Colorado law applies and addresses the questions at issue.

*15 (D. Colo. 2008). A mandatory forum-selection clause is one that contains clear language showing that jurisdiction is appropriate only in the designated forum. *Id.*; *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (holding that "use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made"). In contrast, a permissive forum-selection clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. *K & V Scientific Co., Inc. v. BMW*, 314 F.3d 494, 499-500 (10th Cir. 2002) (finding a forum-selection clause to be permissive when it refers to jurisdiction "in non-exclusive terms (e.g., there is no use of the terms 'exclusive,' 'sole,' or 'only')"). "[F]ederal and [state] Colorado courts generally enforce mandatory forum selection clauses." *ADT Sec. Services, Inc. v. Apex Alarm, LLC*, 430 F. Supp. 2d 1199, 1201 (D. Colo. 2006) (citing *Milk 'N' More*, 963 F.2d at 1346; *Vanderbeek v. Vernon Corp.*, 25 P.3d 1242, 1247-48 (Colo. Ct. App. 2000), *aff'd*, 50 P.3d 866 (Colo. 2002)).

Colorado courts have enforced forum-selection clauses in agreements that have been terminated. *See, e.g.*, *QFA Royalties*, 2006 U.S. Dist. LEXIS 20936 at *5-*8 (enforcing forum-selection clause from terminated agreement as "valid and enforceable"). A forum-selection clause can, however, be terminated by the clear language of a subsequent agreement. *Thome v. Layne Energy Sycamore, LLC*, 2006 U.S. Dist. LEXIS 35015, *8 (D. Colo. 2006) (citing *Advent Electronics, Inc. v. Samsung Semiconductor, Inc.*, 709 F. Supp. 843, 846 (N.D. Ill. 1989) ("In the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract. . . . The intent of the parties as to the continued applicability of a forum selection clause controls.")).

### B. Enforceability and Applicability of Forum-Selection Clause

Duggan contends that the forum-selection clause in the Franchise Agreement is not enforceable, and that even if it is, it does not apply to Duggan's action. The Court will address each of these arguments.

First, Duggan argues that the forum-selection clause at issue is unenforceable because it was allegedly terminated by the IOS-MMA Franchise Agreement. [Dkt. 28 at 4-5.] Paragraph 16.2 of Duggan's Franchise Agreement with IOS provides, in relevant part, that Duggan could not transfer its rights under the Franchise Agreement without obtaining IOS's written consent and complying with certain requirements, including the "[e]xecution of a Franchise Agreement by the proposed transferee in a form then currently offered by [IOS], which shall supersede this Agreement in all respects." [Dkt. 23-3 at 23 ¶16.2(c).] Duggan points to various provisions of the Franchise Agreement that contemplate remaining effective after that agreement's termination, including a covenant-not-to-compete clause and an indemnification clause. [Dkt. 28 at 4-5.] Therefore, Duggan argues that the language quoted from Paragraph 16.2, IOS's subsequent franchise agreement with MMA, and the fact that the forum-selection clause did not expressly provide that it survives termination shows that "the parties did not agree to extend the forum selection clause beyond termination of [the] Franchise Agreement." [*Id.* at 5.]

Duggan has flipped the applicable analysis on its head. Instead of focusing on whether the parties agreed to extend the application of the forum-selection clause, the Court must look to whether the parties clearly terminated that clause in a subsequent agreement. *See Thome*, 2006 U.S. Dist. LEXIS 35015 at *8 (citing *Advent Electronics, Inc.*, 709 F. Supp. at 846) ("In the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract. . . . The intent of the parties as to the continued ap-

plicability of a forum selection clause controls.")); *QFA Royalties*, 2006 U.S. Dist. LEXIS 20936 at *5-*8 (enforcing forum selection clause from terminated agreement as "valid and enforceable" without referencing any subsequent agreement to extend or terminate that provision). Duggan does not point to any language from a subsequent agreement to which it was a party that clearly and expressly terminates the forum-selection clause in its Franchise Agreement with IOS. In fact, as Duggan's Complaint points out, IOS is seeking payment from Duggan because the parties' Transfer Agreement provided that "[n]othing herein shall be deemed to release [Duggan] from liability under the Franchise Agreement . . . ." [Dkt. 1-1 at 75.] This suggests that the parties subsequently agreed that Duggan's obligations under the Franchise Agreement may not have been released in all respects.[4]

As previously detailed, the burden is on Duggan, as the party seeking to avoid enforcement of the forum-selection clause, to establish that the clause is unfair or unreasonable. *QFA Royalties*, 2006 U.S. Dist. LEXIS 20936 at *5. Duggan has not shown that the parties clearly and expressly terminated the forum-selection clause at issue, and it does not argue that the clause itself is unfair or unreasonable. Therefore, the Court concludes that the forum-selection clause from Duggan's Franchise Agreement with IOS is enforceable.

Duggan argues that even if the forum-selection clause is enforceable, it is not applicable to this lawsuit because Duggan seeks a declaratory judgment regarding its obligations under the IOS-MMA Franchise Agreement, which does not contain the forum-selection clause at issue. [Dkt. 28 at 5.] In order to determine whether Duggan is liable for MMA's alleged failures under the IOS-MMA Franchise Agreement, however, Duggan's obligations under the Franchise Agreement and the Transfer Agreement must also be analyzed. In fact, Duggan concedes that its

---

[4] Indeed, the ultimate construction of this clause will be critical to the underlying dispute. The Court in no way intends to imply any particular construction of the referenced passage.

Case 1:12-cv-00550-JMS-DKL   Document 31   Filed 09/14/12   Page 8 of 9 PageID #: 1021

Franchise Agreement with IOS, which contains the forum-selection clause at issue, is "marginally involved in this action." [*Id.*]  Therefore, the Court concludes that the forum-selection clause in the Franchise Agreement is applicable to Duggan's action.

### C.  Applying the Forum-Selection Clause

Having determined that the forum-selection clause is enforceable and applicable, the Court must determine what effect it has on Duggan's action in this District.  The forum-selection clause provides that

> if a claim is asserted in any legal proceeding involving [Duggan or its affiliates] and [IOS and its affiliates] both parties agree that the exclusive venue for disputes between them shall be in the state and federal courts of Colorado and each waive any objection either may have to the personal jurisdiction of or venue in the state and federal courts of Colorado. . . .

[Dkt. 1-1 at 42 ¶ 22.1.]  This clause is clearly mandatory, as opposed to permissive, because it uses the words "shall" and "exclusive" and does not contain any exceptions.  *See Milk 'N' More, Inc.*, 963 F.2d at 1346 (holding that "use of the word 'shall' generally indicates a mandatory intent"); *K & V Scientific Co.*, 314 F.3d at 499-500 (finding a forum-selection clause to be permissive when it refers to jurisdiction "in non-exclusive terms (e.g., there is no use of the terms 'exclusive,' 'sole,' or 'only')").  Mandatory forum-selection clauses are generally enforced, and Duggan makes no further arguments why this one should be an exception.

### III.
#### CONCLUSION

For the reasons detailed herein, the Court concludes that the forum-selection clause in Duggan's Franchise Agreement with IOS is enforceable, applicable to this action, and mandatory in these circumstances.  Therefore, IOS's motion is **GRANTED IN PART** to the extent that it seeks enforcement of the forum-selection clause in the Franchise Agreement with Duggan.  [Dkt. 23.]  IOS's motion and Duggan's response only contemplate dismissal of this case if the forum-

- 8 -

selection clause applies; however, enforcing a forum-selection clause typically implicates 28 U.S.C. § 1404(a).[5] Because the parties did not consider the possibility of transfer under § 1404(a), IOS's motion is **DENIED IN PART** to the extent that it seeks immediate dismissal of Duggan's action. Instead, by **September 21, 2012**, Duggan is ordered to report whether it prefers that this action be dismissed without prejudice to be refiled in Colorado or transferred to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). IOS may object or consent to Duggan's report **within 7 days thereafter**. No reply will be necessary.

09/14/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Courtney Lee Campbell
ATTORNEY AT LAW
court@clc-law.com

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Mario L. Herman
ATTORNEY AT LAW
mherman@franchise-law.com

---

[5] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (holding that the choice of law analysis "persuades us that federal law, specifically 28 U.S.C. § 1404(a), governs the parties' venue dispute" in a case involving a forum-selection clause); *In re LimitNone, LLC*, 551 F.3d 572 (7th Cir. 2008) (holding that district court's transfer determination based on a forum-selection clause was made under 28 U.S.C. § 1404(a)); *King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 649-50 (10th Cir. 2003).