UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUGGAN O'ROURKE INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:12-cv-550-JMS-DKL |
| | ) | |
| THE INTELLIGENT OFFICE SYSTEM, LLC, | ) | |
|     *Defendant.* | ) | |

### ORDER ON MOTION FOR SANCTIONS

In a previous order, the Court determined that the forum-selection clause in the parties' franchise agreement is enforceable, applicable to this action, and mandatory in these circumstances. [Dkt. 31.] Defendant The Intelligent Office System, LLC ("IOS") has moved for sanctions and an award of attorney's fees under Federal Rule of Civil Procedure 11 based on IOS's belief that Plaintiff Duggan O'Rourke Inc.'s ("Duggan") position that the forum-selection clause was unenforceable was "frivolous, groundless, and completely without merit." [Dkt. 34.]

Rule 11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." The Seventh Circuit Court of Appeals has held that the twenty-one day safe harbor "is not merely an empty formality." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1026 (7th Cir. 1999). Instead, the safe harbor period shelters the offending party from Rule 11 sanctions if it withdraws or appropriately corrects the challenged item within twenty-one days. *See* Fed. R. Civ. P. 11 cmt. 1993 Amendments ("[A] party *will not* be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position….") (emphasis added).

Although IOS has presented evidence that it told Duggan that it believed Duggan's position regarding the enforceability of the forum-selection clause was erroneous, [dkt. 34 at 2], it has presented no evidence that it served its motion for Rule 11 sanctions on Duggan pursuant to Rule 11(c)(2). Again, the safe-harbor provision is not merely an empty formality and advances at least three important policy considerations. First, notice of a sanctions filing forces the non-moving party to earnestly weigh the strength of its claim against the risk of being sanctioned. Second, the safe harbor period provides an opportunity for a party to dismiss a weak case, saving court resources that are no longer needed to adjudicate the claim or the unnecessary sanctions motion. Third, because it can sometimes be hard to distinguish between empty threats and real warnings expressed in the parlance of litigation, Rule 11's notice requirement acts as the figurative yellow light to alert counsel that his opponent is actually poised to seek sanctions if counsel ignores the warning and proceeds with the claim. *See Mas Capital, Inc. v. Biodelivery Scis. Int'l*, 2006 U.S. Dist. LEXIS 60928 *22 n.6 (S.D. Ind. Aug. 25, 2006) (describing Rule 11 notice requirement as a "21-day warning shot"). These important policy considerations, among others, support Rule 11's requirement that a sanctions motion be served at least twenty-one days before it is filed with the Court.

Because there is no evidence that IOS complied with Rule 11(c)(2), the Court **DENIES** its motion for sanctions. [Dkt. 34.] Even if IOS had complied with that rule, based on its familiarity with the parties' positions on the enforceability of the forum-selection clause, the Court still would deny IOS's motion for sanctions. Duggan's position, while ultimately not victorious, was not frivolous or baseless. *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 656 (7th Cir. 2003) ("One of the basic purposes of Rule 11 is to "deter baseless filings in the district court.") (citation omitted). Duggan had a plausible basis for believing that because its rights under the

franchise agreement had been transferred and IOS had entered into a new franchise agreement with the non-party, the forum-selection clause contained in its agreement with IOS was no longer enforceable.  While that position did not succeed, it was not sanctionable under Rule 11.

10/01/2012

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Courtney Lee Campbell
ATTORNEY AT LAW
court@clc-law.com

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Mario L. Herman
ATTORNEY AT LAW
mherman@franchise-law.com